Steven L. Marchbanks, Esq., Bar No. 214686
PREMIER LEGAL CENTER, A.P.C.
1055 Torrey Pines Rd. Ste. 205
La Jolla, CA 92107
Telephone:  (619) 235-3200
Facsimile:  (619) 235-3300

Attorney for Plaintiff
KENNETH R. STOTT

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KENNETH R. STOTT, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL MOTORS, LLC, a Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO:**<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff KENNETH R. STOTT (referred to herein as "Plaintiff") files this Complaint and alleges the following based upon information and belief:

### THE PARTIES

1.　　　Plaintiff is a resident of the State of North Carolina.

2.　　　Defendant GENERAL MOTORS, LLC ("GM") is a Delaware limited liability company with its principal place of business at 300 Renaissance Ctr., Detroit, Michigan.

3.      The true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, are presently unknown to Plaintiff who will seek leave of this Court to amend this Complaint to include these DOE Defendants when they are identified.

4.      At all times mentioned in the Complaint, each of the Defendants were agents of each and every other Defendant.  In doing the things alleged in the Complaint, each Defendant was acting within the course and scope of their agency and was acting with the consent, permission and authorization of each of the other Defendants.

## JURISDICTION IS PROPER UNDER § 1332(a)

5.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), which grants federal district courts original jurisdiction of all civil actions where (1) the action is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  As set forth below, this action satisfies both requirements.

6.      **There is Complete Diversity of Citizenship.**  Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff."  *Owen Equip. & Erection Co. v Kroger,* 437 U.S. 365, 373 (1978).

7.      The Plaintiff is a citizen and resident of the county of Mecklenburg in the state of North Carolina.

8.      GM is headquartered in this District and its principal place of business is in the state of Michigan.  Therefore, GM is a citizen of the state of Michigan.

9.      Because Plaintiff is a citizen of North Carolina and Defendant GM is a citizen of Michigan, there is complete diversity of citizenship in this action as required by §1332(a).

10.      **The Amount In Controversy Exceeds $75,000.**  Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  Based on Plaintiff's claim for civil penalties, restitution, rescission and attorneys' fees, the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs, thereby vesting this Court with jurisdiction under 28 U.S.C. § 1332(a).  In addition, Plaintiff asserts a claim for punitive damages, which is included in determining the amount in controversy for subject matter jurisdiction, *Bell v. Preferred Life Assur. Society*, 320 U.S. 238,

240 (1943).  Furthermore, for purposes of determining the amount in controversy the court should consider not just attorneys' fees incurred to date, but the possible attorneys' fees that will be incurred during the court of the litigation.  *Fritsch v. Swift Transp. Co. of Ariz, LLC*, 889 F.3d 785, 794 (9th Cir. 2018).

11.     Defendant is subject to personal jurisdiction in Michigan based upon sufficient minimum contacts which exist between Defendant and Michigan.  Defendant is authorized to do and does business in Michigan.

## **VENUE IS PROPER UNDER § 1391**

12.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events, transactions, and conduct giving rise to the claims occurred in and emanated from this District.  Further, GM is headquartered and transacts business in this District.

## **GENERAL ALLEGATIONS**

13.     On or about July 22, 2021, Plaintiff purchased a new 2022 Chevrolet Bolt EV, Vehicle Identification Number 1G1FZ6S02N4108872 ("Vehicle"), for about $44,256 from Rick Hendrick City Chevrolet in Charlotte, North Carolina, which was manufactured, distributed and/or sold by Defendant.

13.     At the time of purchase, Defendant provided Plaintiff with an express warranty concerning the manufacture, operation and performance of the Vehicle, upon which Plaintiff reasonably relied upon when deciding to purchase the Vehicle.

14.     Shortly after the purchase, Plaintiff experienced significant and/or excessive nonconformities with the Vehicle which significantly impaired the Vehicle's use, value and/or safety.  Such defects/nonconformities include, but are not limited to unresolved high voltage battery defects, which makes the Vehicle a high risk for battery melt or fire, plus other operational problems.  The battery risk of melting or fire is a significant safety issue and severely limits indoor vehicle parking options.

15.     Plaintiff delivered the Vehicle to Defendant's authorized repair facilities for repair of the foregoing nonconformities.  Despite the repeated repair attempts, Defendant and/or its authorized repair facilities have been unable to repair the Vehicle's nonconformities in

COMPLAINT AND DEMAND FOR JURY TRIAL

accordance with Defendant's express and implied warranties.

16.     Moreover, the Vehicle has not been repaired within a reasonable time frame and spent several days in the shop.

17.     Despite confirmation of the nonconformities and repeated lengthy repair attempts, Defendant has been unable to correct the nonconformities.  These nonconformities substantially impair the use, value and/or safety of the Vehicle.  Further, Defendant breached its express and implied warranties and refuses to comply with its obligations under the North Carolina New Motor Vehicle Warranties Act and Magnusson-Moss Warranty Act.

18.     Plaintiff has incurred and continues to incur significant damages as a result of the nonconformities and Defendant's failure to honor the applicable express warranties.   Such damages include, but are not limited to, actual, special, consequential damages, direct out of pocket expenses and loss of use of his Vehicle.

## FIRST CAUSE OF ACTION

**(Breach of Express Warranty- New Motor Vehicle Warranties Act; N.C.Gen.Stat. §20-351, as against all Defendants)**

19.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 18, inclusive, as though fully set forth in this cause of action.

20.     The Vehicle is a "new motor vehicle" pursuant to N.C.Gen.Stat.§ 20-351.1.

21.     Plaintiff is a "consumer" as defined under the New Motor Vehicle Warranties Act (N.C.Gen.Stat.§ 20-351.1).

22.     Defendant GM is a "manufacturer" as defined under N.C.Gen.Stat.§ 20-351.1.

23.     Plaintiff's purchase of the Vehicle was accompanied by an express written warranty.

24.     The Vehicle has numerous defects and nonconformities covered by the express terms of the warranty which manifested within the applicable express warranty period.  The nonconformities substantially impair the use, value and/or safety of the Vehicle to a reasonable person in Plaintiff's situation.

COMPLAINT AND DEMAND FOR JURY TRIAL

25.     Plaintiff delivered the Vehicle to Defendant and/or its authorized repair facility for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

26.     Defendant and/or its authorized repair facilities failed to repair the defects and/or nonconformities to match the written warranty after a reasonable number of attempts and, as such, has failed to comply with and breached all applicable warranty requirements.

27.     Despite its breach of express warranties, Defendant has refused and continues to refuse to promptly comply with Plaintiff's demand for a refund or replacement of the Vehicle.

28.     As a result of Defendant's failure to remedy the defects as alleged above and promptly issue a refund or replacement of the Vehicle, Defendant is in breach of its obligations under the New Motor Vehicles Warranties Act.

29.     Defendant's continuing breach of its obligations as set forth herein is willful pursuant to the New Motor Vehicles Warranties Act and as such, Defendant is liable to Plaintiff for civil penalties in an amount to be proven at trial.    Defendant is also liable for Plaintiff's attorneys' fees and costs incurred.

## SECOND CAUSE OF ACTION

**(Breach of Implied Warranty- New Motor Vehicle Warranties Act; N.C.Gen.Stat. §20-351, as against all Defendants)**

30.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 29, inclusive, as though fully set forth in this cause of action.

31.     At all times relevant, Defendant appended to the purchase of the Vehicle a written warranty in the form of a written statement pursuant to which it undertook to preserve or maintain the utility or performance of said Vehicle.

32.     Plaintiff's purchase of the Vehicle was accompanied separately, individually, and respectively by Defendants, and each of them, with an implied warranty that the Vehicle was merchantable.

33.     At the time of purchase, Defendant was in the business of manufacturing, distributing and/or selling motor vehicles.

COMPLAINT AND DEMAND FOR JURY TRIAL

34.     Defendant breached its respective warranties as implied in said purchase of the Vehicle in that the Vehicle had numerous defects and nonconformities requiring multiple repairs and preventing Plaintiff from using the Vehicle for its intended purpose.  As a result thereof, Plaintiff did not receive merchantable goods as impliedly warranted by Defendant; Plaintiff's Vehicle was not the same quality as those generally acceptable in the trade; nor did the Vehicle measure up to the promises or representations stated in the applicable express warranties.

35.     Plaintiff incurred out-of-pocket expenses to have the Vehicle repaired and serviced to attempt to conform the Vehicle to the Defendant's express warranty.  Plaintiff has incurred repair costs in amounts according to proof at time of trial.

36.     As a further proximate result of Defendant's willful failures to comply with its obligations to Plaintiff, Defendant is liable for Plaintiff's attorneys' fees, costs and civil penalties.

### THIRD CAUSE OF ACTION

**(Breach of Express Warranty – Magnuson-Moss Warranty Act; 15 U.S.C. §2301, *et seq*.)**

37.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 36, inclusive, as though fully set forth in this cause of action.

38.     Plaintiff is a "consumer" within the meaning of Section 2301(3) of the Magnuson-Moss Warranty Act ("MMWA").

39.     Defendant is a "warrantor" within the meaning of Section 2301(5) of the MMWA.

40.     As set forth herein, Defendant expressly warranted the Vehicle within the meaning of Section 2301(6) of the MMWA.  Defendant breached its express warranties in the manner described herein.

41.     Defendant's breach was a substantial factor and proximate cause in the resulting damages to Plaintiff, which include, but is not limited to: actual, special, incidental and consequential damages in an amount according to proof at trial, in addition to Plaintiff's attorneys' fees and costs.

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**(Breach of Implied Warranty – Magnuson-Moss Warranty Act; 15 U.S.C. §2301, *et seq*.)**

42.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 41, inclusive, as though fully set forth in this cause of action.

43.     Plaintiff is a "consumer" within the meaning of Section 2301(3) of the MMWA.

44.     Defendant is a "warrantor" within the meaning of Section 2301(5) of the MMWA.

45.     As set forth herein, Defendant impliedly warranted the Vehicle as being merchantable and fit for a particular purpose, which warranties are implied within the meaning of Section 2301(7) of the MMWA.  Defendant breached the implied warranties in the manner described herein.

46.     As set forth herein, Defendant impliedly warranted the Vehicle as being merchantable and fit for a particular purpose, which warranties are implied within the meaning of Section 2301(7) of the MMWA.  Defendant breached the implied warranties in the manner described herein.

47.     As a direct and proximate cause of Defendant's breach and failure to comply with their obligations under the applicable implied warranties, Plaintiff suffered actual, special, incidental and consequential damages in an amount according to proof at trial, in addition to Plaintiff's attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For general, special and actual damages according to proof at trial;

2.     For rescission of the purchase contract and restitution of all monies expended;

3.     For incidental and consequential damages according to proof at trial;

4.     For a civil penalty in an amount of two times Plaintiff's actual damages;

5.     For prejudgment interest at the legal rate;

6.     For reasonable attorney's fees and costs of suit; and

7.     For such other and further relief as this Court deems just and proper.

COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **JURY TRIAL DEMANDED**

2      48.    Plaintiff demands a jury trial on all triable issues.

3

4    Dated:   May 3, 2023                    PREMIER LEGAL CENTER, A.P.C.

5

6                                            _____

7                                            By:  Steven L. Marchbanks, Esq.
                                             *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL